IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ANECITO BETANCOURT IV, | ) | Case No. CV-07-85-S-BLW |
| | ) | (Lead case) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER OF CONSOLIDATION** |
| | ) | **AND INITIAL REVIEW ORDER** |
| DALE WOODCOOK, Ada County | ) | |
| Sheriff's Officer, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| ANECITO BETANCOURT IV, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-97-S-BLW |
| | ) | |
| vs. | ) | |
| | ) | |
| ADA COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| ANECITO BETANCOURT IV, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-102-S-BLW |
| | ) | |
| vs. | ) | |
| | ) | |
| ADA COUNTY SHERIFF'S | ) | |
| DEPARTMENT AND OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff was charged with voluntary manslaughter, and later acquitted by a jury.

**INITIAL REVIEW ORDER   1**

Plaintiff filed three civil rights cases against various Ada County Sheriff entities and employees, alleging various constitutional and state law causes of action.  When Plaintiff filed his cases, he was a pretrial detainee, seeking in forma pauperis status.  As a result, the Court now reviews this case under Title 28 U.S.C. §§ 1915 and 1915A to determine whether he can proceed on his Complaints.

## ORDER OF CONSOLIDATION

Because Plaintiff's three Complaints have similar content, relate to the same criminal matter, and are brought against the same type of defendants, the Court shall consolidate the three cases for ease of administration.  Anything further filed in any of these cases should be filed only under the lead case number, *Betancourt v. Woodcook et al.*, CV-07-85-S-BLW.

## STANDARD OF LAW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Plaintiff brings federal constitutional and state law claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the

**INITIAL REVIEW ORDER    2**

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## ALLEGATIONS OF COMPLAINT

Plaintiff alleges that Dale Woodcook is an Ada County Sheriff's Department instructor who teaches the Ada County "Concealed Weapons Class," also called "Legal Aspects of Deadly Force."  Plaintiff further alleges that Woodcook defamed Plaintiff's character and gave false information in the class, made false statements to the public defender and to the Canyon County Prosecutor, and threatened to "make sure [Plaintiff] gets convicted" if he were called to testify at Plaintiff's criminal trial.

Plaintiff alleges that Ada County and the Ada County Sheriff's Department negligently and recklessly "allowed, facilitated, consented, and contributed to" Woodcook's behavior.

## DISCUSSION

The Court finds that Plaintiff has failed to state a federal civil rights cause of action against Woodcook.  Verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987).  In addition, defamation-type allegations do not support a civil rights claim.  *Williams v. Gorton*, 529 F.2d 668 (9th Cir. 1976).  As a result, Plaintiff cannot proceed in federal court.  Rather, Plaintiff may attempt to pursue his state-law claims in state court.

**INITIAL REVIEW ORDER - 3**

Plaintiff has also failed to state a claim against the Ada County entities.  There is no respondeat superior liability under §1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Again, Plaintiff may attempt to pursue his state-law claims in state court.  However, without a federal basis for jurisdiction, the Court cannot hear Plaintiff's claims.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's three cases are dismissed without prejudice to refiling the causes of action in state court.

IT IS FURTHER HEREBY ORDERED that Plaintiff's in forma pauperis motions are MOOT (Docket No. 1 in *Betancourt v. Woodcook*, CV07-85-S-BLW;  Docket No. 1 in *Betancourt v. Ada County*, CV07-97-S-BLW; Docket No. 1 in *Betancourt v. Ada County Sheriff's Department and Office*, CV07-102-S-BLW).

IT IS FURTHER HEREBY ORDERED that Plaintiff's Request for Status on Motion for IFP (Docket No. 9 in *Betancourt v. Woodcook*, CV-07-85-S-BLW) is MOOT.



DATED:  **June 5, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER   4**